# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: TERRACE HOUSING ASSOCIATES, LTD. | : : : | CIVIL ACTION |
| TERRACE HOUSING ASSOCIATES, LTD. | : : : | NO. 17-5458 |
| *Appellant-Debtor* | : : | |
| v. | : : | |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT *Appellee* | : : : : : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                              DECEMBER 3, 2018

# MEMORANDUM OPINION

**INTRODUCTION**

Before this Court is the appeal filed by Terrace Housing Associates, Ltd., ("Appellant" or "Terrace Housing") from an Order entered on November 22, 2017, by the Honorable Judge Richard E. Fehling, United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"). [ECF 1]. The appeal, filed pursuant to 28 U.S.C. § 158(a), challenges the decision of the Bankruptcy Court denying Appellant's *motion seeking relief from violation of the automatic stay* as time-barred based on the equitable doctrine of laches. The issues in this appeal have been fully briefed by the parties and are ripe for disposition. [ECF 6, 7, 9].

The principal appellate issue presented is whether the Bankruptcy Court, in determining that Appellant's motion was time-barred by laches, properly allocated the burden of proof to the correct party. After carefully reviewing the entire bankruptcy record and considering the

arguments made, it is not clear to which party the Bankruptcy Court allocated the burden of proof. Therefore, this matter is remanded for further consideration consistent with this opinion.

**FACTUAL AND PROCEDURAL BACKGROUND**

This matter has an interesting and protracted history. The following is a summary of the facts and procedural history underlying this appeal:[1]

> On May 12, 2015, Lisa Toth, a non-attorney and in her capacity as the Managing General Partner of Terrace Housing Associates, Ltd., filed a Chapter 11 Bankruptcy petition on behalf of Appellant. At the time of said filing, Appellant owned the Terrace Apartments ("the Property"), an apartment complex in Oklahoma City consisting of over 200 units. (*See* ECF 8, J.A. ("J.A.") at APP096, "Stipulation of Facts," at ¶ 2). Ms. Toth filed the petition *pro se*. The Bankruptcy Court issued an Order to Show Cause instructing Appellant to either retain counsel or show cause why the petition should not be dismissed.[2] (J.A. at APP003, at #3). Appellant failed to attend the scheduled hearing on the Order to Show Cause, and no counsel filed an appearance. On June 2, 2015, the Bankruptcy Court entered a bench order dismissing the case. (J.A. at APP197).
>
> Thereafter, Ms. Toth filed a *pro se motion to extend deadline to secure legal counsel* which was denied as moot on June 5, 2015; and a *pro se motion to reconsider dismissal of case* which was denied on June 22, 2015. (J.A. at APP003, at #17, 20). On July 14, 2015, the bankruptcy case was terminated for statistical purposes. (J.A. at APP003).
>
> The United States Department of Housing and Urban Development ("HUD") had scheduled the Property for a nonjudicial foreclosure sale to be held on May 13, 2015, pursuant to the Multifamily Mortgage Foreclosure Act of 1981, 12 U.S.C. § 3701 *et seq.* (J.A. at APP096). Although HUD received notification of Appellant's bankruptcy petition prior to opening the foreclosure bidding process, HUD initiated foreclosure proceedings and began to receive bids. *Id.* Throughout the bidding process, HUD reserved the right to cancel the invitation for bids and to reject all bids. *Id.* Besides reviewing the bids received, HUD took no steps to advance the actual sale of the Property until after the bankruptcy matter was terminated. (J.A. at APP196 n.1). On September 15, 2015, more than three months after the bankruptcy petition was dismissed, the Property was sold to the highest

---

[1] These facts are derived from the Bankruptcy Court record and the respective filings of the parties.
[2] Ms. Toth, as a non-attorney, may not appear in federal court on behalf of Terrace Housing, a limited partnership. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("[T]he lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.").

2

bidder at a foreclosure sale, and a deed was executed. [ECF 6, "Appellant's Brief," at 5].

Nearly two years later, on June 4, 2017, Appellant, represented by counsel, filed a *motion to reopen Chapter 11 case* ("motion to reopen"). (J.A. at APP003, at #23). The following day, Appellant filed a *motion seeking relief for violation of the automatic stay* ("motion seeking relief"), alleging that HUD had willfully violated the automatic stay provision of 11 U.S.C. § 362 ("§ 362") and, therefore, was entitled to actual damages, punitive damages, and attorneys' fees under § 362(k)(1). (J.A. at APP017-18). HUD did not file an opposition to the motion to reopen. (J.A. at APP004, at #34). On July 13, 2017, the motion to reopen was granted for the sole purpose of litigating the motion seeking relief. (*Id.* at #38).

On August 23, 2017, a hearing on the motion seeking relief was held. (*Id.* at #45). At the hearing, Appellant presented Ms. Toth, who testified regarding the organization of Terrace Housing, Terrace Housing's mortgage delinquency, the foreclosure sale, and the status of Terrace Housing's registration as an entity in Oklahoma and Colorado. At the end of the hearing, by Order dated August 23, 2017, the Bankruptcy Court directed Appellant and HUD to brief, *inter alia*, the application of laches to Appellant's motion.[3] (J.A. at APP153).

In their respective briefs, the parties addressed, *inter alia*, the allocation of the burden of proof with respect to laches. Specifically, HUD argued that because § 362 contains no statute of limitations, the Bankruptcy Court should identify an analogous statute of limitations and shift the burden to Appellant to disprove laches if the "borrowed" statute would bar Appellant's motion. (J.A. at APP174-75). In contrast, Appellant argued that HUD bore the burden of proof and failed to meet its burden and, further, opposed the application of an analogous statute of limitations.

On November 22, 2017, the Bankruptcy Court denied Appellant's motion seeking relief and concluded that Appellant's motion was time-barred by laches, (*see* J.A. at APP195-206, "Bankruptcy Court Opinion"), and, therefore, that the Bankruptcy Court was precluded from evaluating the merits of the motion seeking relief. (*See* J.A. at APP205, at n.8). In explaining its decision, the Bankruptcy Court wrote as follows:

> Both parties agree that the Bankruptcy Code does not contain a statute of limitations within which actions for damages for violation of the automatic stay under 11 U.S.C. § 362(k) must be filed. I look, therefore, to the equitable doctrine of laches to determine if Debtor's section 362(k) demand is time-barred.

---

[3] HUD presented other grounds for the denial of the motion to reopen, including venue and Appellant's status as a limited partnership. As the Bankruptcy Court ultimately denied Appellant's motion on laches grounds, this opinion is limited solely to the issue of laches.

3

> It is hornbook law that laches consists of two essential elements: (1) Inexcusable delay in instituting suit; and (2) prejudice resulting to the defendant from such delay.
>
> Debtor waited more than two years from the date of the alleged stay violation and two years from dismissal of its bankruptcy to file its [Motion Seeking Relief]. Debtor offered no excuse whatsoever for this delay. HUD was clearly prejudiced by Debtor's delay because it relied on Debtor's apparent acquiescence in the sale and waited until Debtor's bankruptcy case was dismissed to sell the Property to the successful bidder on September 15, 2015. HUD cannot undo the sale of Debtor's Property. Had Debtor raised the stay violation issue in a prompt fashion, HUD could have minimized or avoided its exposure to Debtor's claim.
>
> . . .
>
> Based on the record before me, I find that: (1) Debtor exhibited inexcusable delay in filing its Motion [Seeking Relief]; and (2) prejudice would result to HUD as a result of Debtor's Motion [Seeking Relief] in the face of Debtor's inexcusable delay. For these reasons, I find that Debtor is precluded by the doctrine of laches from prosecuting the [Motion Seeking Relief]. (J.A. at APP203-05) (citations omitted).

Appellant challenges the Bankruptcy Court's finding that the motion seeking relief was time-barred by laches.

**LEGAL STANDARD**

This Court has jurisdiction over this bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1). "As a general matter, a district court reviews a bankruptcy court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse." *In re Sheckard*, 94 B.R. 56, 61 (E.D. Pa. 2008) (citing *In re Martin's Aquarium, Inc.*, 98 F. App'x 911, 913 (3d Cir. 2004)). A bankruptcy court's exercise of subject matter jurisdiction over a particular claim or party is a legal conclusion that is reviewed *de novo*. *Id.* at 61 (citing *In re RFE Industries, Inc.*, 283 F.3d 159, 163 (3d Cir. 2002)). The standard of review to be applied to a bankruptcy court's decision on laches, on the other hand, depends on the element of laches at issue on appeal. *Id.* at

4

62 (citing *Bermuda Express, N.V. v. M/V Litsa*, 872 F.2d 554, 557 (3d Cir. 1989)). While a determination of the length of delay and prejudice are both factual findings entitled to deference, a bankruptcy court's balancing of equities is reviewed for abuse of discretion; the inexcusability of delay is reviewed *de novo*. *Id.* "[A]llocation of the burden of proof is a question of law subject to plenary review." *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 210 (3d Cir. 2006) (citing *Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 750 (3d Cir. 1994)).

**DISCUSSION**

Appellant essentially argues that the Bankruptcy Court erred in concluding that Appellant's motion seeking relief under 11 U.S.C. § 362(k) for HUD's alleged violation of the automatic stay was time-barred by laches. As noted, Appellant filed a *pro se* bankruptcy petition on May 12, 2015. A foreclosure sale of the Property had been scheduled to occur the next day. Though HUD had notice of the pending bankruptcy petition, it proceeded with obtaining bids for the Property. The bankruptcy case was dismissed on June 2, 2015, and the Property was sold on September 15, 2015. On June 5, 2017, more than two years after the initiation of foreclosure and the dismissal of the bankruptcy case, Appellant sought damages for the alleged violation of the automatic stay. (*See* APP003, at #14, 24).

Undisputedly, the automatic stay provision of the Bankruptcy Code contains no statute of limitations. *See* 11 U.S.C. § 362; *see also, In re Bernheim Litig.*, 290 B.R. 249, 258 (D.N.J. 2003) ("Congress did not establish any limitations period governing actions under section 362(h)"); *In re Stanwyck*, 450 B.R. 181, 193 (Bankr. C.D. Cal. 2011) ("Congress did not establish any limitations period for damage claims under § 362(k).").[4] In the absence of such a limitation, the

---

[4] On April 20, 2005, Congress redesignated subsection (h) of § 362, which authorized individuals "injured by willful violations of the automatic stay" to "recover actual damages, including costs and

5

equitable doctrine of laches may serve to protect defendants against unreasonable, prejudicial delay in the prosecution of claims against them. *In re Bressman*, 874 F.3d 142, 149 (3d Cir. 2017). Bankruptcy Courts, long regarded as courts of equity, have commonly invoked laches when evaluating claims for relief, including for damages, under the Bankruptcy Code. *See Thornton v. First State Bank of Joplin*, 4 F.3d 650, 653 (8th Cir. 1993) (affirming conclusion that action for damages under § 362 was time-barred by laches); *Matthews v. Rosene (In re Matthews)*, 739 F.2d 249, 251 (7th Cir. 1984) (affirming bankruptcy court's application of laches to automatic stay violation claim, in light of the fact that "a bankruptcy court, as a court of equity, nevertheless must be guided by equitable principles in exercising its jurisdiction."); *In re Laskin*, 316 F.2d 70, 73 (3d Cir. 1963) (observing that it is "well-settled" that "courts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity."); *In re Sheckard*, 394 B.R. 56, 66 (E.D. Pa. 2008) (noting that because the operative section of the bankruptcy code "does not have a statutory time limit, laches operates as a defense."); *Adams v. Hartconn Assocs., Inc. (In re Adams)*, 212 B.R. 703, 712 (Bankr. D. Mass. 1997) (holding that where debtor waited nineteen months after alleged automatic stay violation to initiate adversary proceedings, "the doctrine of laches applie[d] and . . . even had she suffered actual damages, the Debtor would be barred from recovering for the violation of the automatic stay under § 362(h)").

Recognizing the potential application of laches in this case, the Bankruptcy Court prompted the parties to submit briefs addressing the application, if any, of laches to Appellant's motion seeking relief. As noted, Appellant argued that HUD bore the burden of proof for laches and failed to meet that burden. HUD argued that the burden shifted to Appellant to disprove laches and that

---

attorneys' fees, and, in appropriate circumstances . . . punitive damages," as subsection (k). Bankruptcy Abuse and Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, § 305.

6

Appellant failed to meet its burden. HUD also argued that, in any regard, the elements of laches were satisfied.

The two essential elements of laches are: (1) an inexcusable delay in instituting suit or bringing a claim; and (2) prejudice to the defendant from such delay. *University of Pittsburgh v. Champion Products, Inc.*, 686 F.2d 1040, 1044 (3d Cir. 1982). Here, the Bankruptcy Court correctly identified these elements. However, the Bankruptcy Court Opinion is devoid of any analysis addressing the proper allocation of the burden of proof; *i.e.*, which party bears the burden of establishing laches.[5] In light of this omission, this Court cannot address whether the Bankruptcy Court erred in allocating the burden of proof. Therefore, this matter is remanded for further consideration and clarification consistent with this opinion. The Bankruptcy Court is directed to address the burden of proof and the parties' diverse burden-shifting arguments on laches.[6]

## CONCLUSION

For the foregoing reasons, this matter is remanded for further consideration and clarification consistent with this opinion.

*NITZA I. QUIÑONES ALEJANDRO, USDC J.*

---

[5] As to whether Appellant's delay was inexcusable, the Bankruptcy Court Opinion notes simply that "Debtor offered no excuse whatsoever for this delay," suggesting that Appellant bore the burden to disprove the first element of laches. On the other hand, the Bankruptcy Court Opinion is ambiguous with respect to which party bore the burden to prove or to disprove the second element, prejudice.

[6] Appellee HUD also raises the issue of subject matter jurisdiction for the first time, arguing that the Bankruptcy Court lacked jurisdiction to consider Appellant's June 2017 motions to "reopen" bankruptcy proceedings and for relief from violation of the automatic stay. [*See* ECF 7, Appellee's Brief, at 1-2]. As this matter is being remanded and the issue of jurisdiction was not previously raised by either party or by the court, the Bankruptcy Court is also instructed to address HUD's arguments regarding subject matter jurisdiction on remand.

7